HOBSON, BERNARDINO & DAVIS, LLP
RAFAEL BERNARDINO, JR. (SBN 118690)
JASON A. HOBSON (SBN 184134)
725 South Figueroa Street, Suite 3230
Los Angeles, California 90017
Telephone: 213/235-9190
Fax: 213/235-9197
rbernardino@hbdlegal.com
jhobson@hbdlegal.com

ROBBINS GELLER RUDMAN & DOWD LLP
STUART A. DAVIDSON (*pro hac vice*)
CHRISTOPHER C. MARTINS (*pro hac vice*)
JASON H. ALPERSTEIN (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
cmartins@rgrdlaw.com
jalperstein@rgrdlaw.com

Attorneys for Plaintiff and the Class

[Additional Counsel Appear on Signature Block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FAITH BAUTISTA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VALERO ENERGY CORPORATION, CST BRANDS, INC., VALERO MARKETING AND SUPPLY COMPANY, CST MARKETING AND SUPPLY COMPANY<br><br>Defendants. | Case No. 3:15-cv-05557-RS<br><br>CLASS ACTION<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

1149975_1

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties shall, within five (5) days of the filing of this Stipulation, identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties shall, within twenty-eight (28) days of the filing of this Stipulation, discuss their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

(a) Only ESI created or received since December 4, 2011 will be preserved;

(b) The parties shall, within twenty-eight (28) days of the filing of this Stipulation, exchange a list of the types of ESI, sources of custodial and noncustodial data, and the custodians, or general job titles or descriptions of custodians, *e.g.*, "HR head," "scientist," and "marketing manager", for whom they believe ESI should be preserved. The parties shall meet and confer in order to add or remove sources or custodians as reasonably necessary;

(c) These data sources may contain relevant information but are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from

1  these sources will be preserved but not searched, reviewed, or produced in the first instance:
2  voicemail.

### 5. SEARCH

The parties shall, within twenty-eight (28) days of filing of this Stipulation, meet and confer about methods and parameters to search ESI responsive to any Fed. R. Civ. P. 34 requests in order to identify ESI that is subject to production in discovery, and to filter out ESI that is not subject to discovery. In order to come to an informed agreement on search methods and search parameters, the parties agree to exchange information regarding the topics addressed in the N.D. Cal. ESI Guidelines and Checklist, including but not limited to, the identification and description of custodians, custodial and noncustodial sources and systems (including relevant retention policies and practices, auto-delete functions, etc.) and, where applicable, to exchange information related to any proposed search terms and other search or culling methods.

### 6. PRODUCTION FORMATS

The parties agree to produce documents in ☐ PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

More specifically, the parties agree that ESI should be produced as single-page, Group IV, 300 DPI TIFF images with the exception of source code, audio, video, PowerPoint, and spreadsheet-type files, including, but not limited to, Microsoft Excel, CSV – which should be produced in native format. All ESI should be produced with a delimited, database load file that contains the metadata fields listed in **Table 1**, attached to this Stipulation, to the extent such metadata exists and to the extent that the producing party's document production software is capable of producing such metadata. An .opt image cross-reference file should also be provided for all TIFF images.

TIFF images should show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFF images of e-mail messages

1  should include the BCC line. If an original document contains color, the document should be
2  produced as single-page, 300 DPI with a minimum quality level of 75, 24-bit, color JPG images.

3  If a document is produced in native format, a single-page Bates-stamped TIFF image slip-
4  sheet containing the confidential designation and text stating the document has been produced in
5  native format should also be provided. If documents requested in native format require redactions,
6  the parties should meet and confer regarding how to implement redactions while ensuring that proper
7  formatting and usability are maintained. Each native file should be named according to the Bates
8  number it has been assigned and the filepath for its corresponding record in the load file should be
9  provided using the NATIVELINK field. To the extent that either party believes that native files
10 should be produced for a specific document or class of documents not required to be produced in
11 native format pursuant to this paragraph or to the extent records do not easily conform to native or
12 TIFF format (i.e., structured data), the parties should meet and confer in good faith.

13 The parties are not required to remove duplicate documents from production. If a party
14 elects to remove duplicate documents from production the party shall disclose its intention to do so,
15 prior to use, and agrees to meet and confer regarding the de-duplication method.

16 Prior to use, the parties agree to meet and confer to disclose and discuss any proposed use of
17 technologies to reduce the number of documents to be reviewed or produced (*i.e.*, technology
18 assisted review/predictive coding). Use of these technologies to reduce the reviewable collection or
19 production, other than as described within this document, requires disclosure to the receiving party
20 and assumes that the parties will negotiate a separate mutually agreeable protocol for the use of such
21 technology.

22  **7.   PHASING**

23 When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree
24 to meet and confer regarding phasing or prioritizing by custodian the initial and subsequent
25 productions of ESI.

26  **8.   DOCUMENTS PROTECTED FROM DISCOVERY**

27  (a)  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-
28 product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or

1  protection from discovery in this case or in any other federal or state proceeding. For example, the
2  mere production of privileged or work-product-protected documents in this case as part of a mass
3  production is not itself a waiver in this case or in any other federal or state proceeding.

4       (b)    Communications involving trial counsel that post-date the filing of the
5  complaint need not be placed on a privilege log.

### 9. MODIFICATION

7  This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court
8  for good cause shown.

### ATTESTATION

10  I, Stuart A. Davidson, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that
11  concurrence to the filing of this document has been obtained from each signatory.

By:     */s/ Stuart A. Davidson*
        Stuart A. Davidson

1     **IT IS SO STIPULATED**, through Counsel of Record.

2   DATED: May 25, 2016                 ROBBINS GELLER RUDMAN & DOWD LLP
                                                          STUART A. DAVIDSON (*pro hac vice*)
3                                                          MARK J. DEARMAN
4                                                          CHRISTOPHER C. MARTINS (*pro hac vice*)
                                                          JASON H. ALPERSTEIN (*pro hac vice*)

By:          *s/ Stuart A. Davidson*
         STUART A. DAVIDSON

120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

HOBSON, BERNARDINO & DAVIS, LLP
RAFAEL BERNARDINO, JR.
JASON A. HOBSON
725 South Figueroa Street, Suite 3230
Los Angeles, CA 90017
Telephone: 213/235-9190
213/235-9197 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK W. DANIELS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROXANA PIERCE
1701 K Street NW, Suite 350
Washington, DC 20036
Telephone: 202/822-6762
202/828-8528 (fax)

*Attorneys for Plaintiff*

| | |
|---|---|
| DATED: May 25, 2016 | GLYNN & FINLEY, LLP<br>ADAM FRIEDENBERG (SBN 205778)<br>ROBERT C. PHELPS (SBN 106666)<br>LAUREN E. WOOD (SBN 280096) |
| | By: _____*s/ Adam Friedenberg*_____<br>              ADAM FRIEDENBERG |
| | One Walnut Creek Center<br>100 Pringle Avenue, Suite 500<br>Walnut Creek, CA 94596<br>Telephone: 925/ 210-2800<br>Fax: 925/ 945-1975 |
| | ***Attorneys for Defendant Valero Marketing & Supply Co.*** |

**IT IS ORDERED** that the forgoing Stipulation is approved.

Dated: 5/25/16

_____
UNITED STATES DISTRICT JUDGE

## TABLE 1: METADATA FIELDS

| Field Name | Example / Format | Description |
| --- | --- | --- |
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGATTACH | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDATTACH | ABC0000008 (Unique ID Parent-Child Relationships) | The Document associated with the last page of the last attachment. |
| VOLUME | VOL001 | The name of CD, DVD or Hard Drive. |
| RECORDTYPE | Options: eMail, Attachment, Scanned Doc, eFile | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the e-mail, text message, instant message or similar communication was sent. |
| SENTTIME | HH:MM | The time the e-mail, text message, instant message or similar communication was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| AUTHOR | jsmith | The author of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> (For e-mail)<br>Joe Smith;(555)555-5679 | The display name and e-mail address of the author of an e-mail/calendar item. For text messages, instant messages or similar communication, the name and/or phone number will be populated as it was extracted. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com (For e-mail)<br>Joe Smith;(555)555-5679 | The display name and e-mail address of the recipient(s) of an e-mail/calendar item. For text messages, instant messages or similar communication, the name(s) and/or phone number(s) will be populated as it was extracted. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the copyee(s) of an e-mail/calendar item. An e-mail address should always be provided for every e-mail if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and e-mail of the blind copyee(s) of an e-mail or calendar item. An e-mail address should always be provided for every e-mail if a blind copyee existed. |
| SUBJECT | | The subject line of the e-mail. |
| TITLE | | The extracted document title of a document. |
| CUSTODIAN-ALL | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| HASH | | For emails only, the MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| CONVERSATION INDEX | | ID used to tie together e-mail threads. |
| TIMEZONE | PST, CST, EST, etc | The time zone the document was processed in. **NOTE:** This should be the time zone where the documents were located at time of collection. |
| FULLTEXT | D:\TEXT\ABC000001.txt | A separate .txt file for each document with the extracted text or OCR text will be produced. These text files should be named with their corresponding bates numbers. |