1  GLYNN & FINLEY, LLP
   ADAM FRIEDENBERG, Bar No. 205778
2  ROBERT C. PHELPS, Bar No. 106666
   LAUREN E. WOOD, Bar No. 280096
3  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
4  Walnut Creek, CA 94596
   Telephone: (925) 210-2800
5  Facsimile: (925) 945-1975

6  Attorneys for Defendant
   Valero Marketing and Supply Company
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 FAITH BAUTISTA, Individually and on      )   **Case No.** 15-cv-05557 RS
   Behalf of All Others Similarly Situated, )
12                                          )   **DEFENDANT VALERO MARKETING**
                                            )   **AND SUPPLY COMPANY'S NOTICE**
                 Plaintiff,                 )   **OF MOTION AND MOTION TO**
13                                          )   **DISMISS PLAINTIFF'S SECOND**
         vs.                                )   **AMENDED COMPLAINT**
14                                          )
   VALERO ENERGY CORPORATION, CST           )   Date:   December 8, 2016
15 BRANDS, INC., VALERO MARKETING           )   Time:   1:30 p.m.
   AND SUPPLY COMPANY and CST               )   Place:  San Francisco Courthouse,
16 MARKETING AND SUPPLY COMPANY,            )           Courtroom 3 - 17th Floor
                                            )   Judge:  Hon. Richard Seeborg
17              Defendants.                 )
                                            )   **Accompanying Documents:**
18                                          )      1) **Declaration of Adam Friedenberg**
                                            )      2) **[Proposed] Order**
19

20 TO PLAINTIFF AND HER ATTORNEYS OF RECORD

21         NOTICE IS HEREBY GIVEN that on December 8, 2016, at 1:30 P.M., or as soon

22 thereafter as the matter may be heard by the above-entitled court, located at 450 Golden Gate

23 Avenue, 17th Floor, Courtroom 3, San Francisco, California, Defendant Valero Marketing and

24 Supply Company ("Valero") will bring on for hearing this motion to dismiss the Second

25 Amended Complaint ("SAC"). This motion is made pursuant to Federal Rule of Civil

26 Procedure, Rule 12(b)(6) on the ground that Plaintiff's third claim for relief for violation of the

27 California Unfair Competition Law, California Business and Professions Code section 17200, *et*

28 *seq.*, fails to allege facts sufficient to state a claim upon which relief can be granted, to the extent

1  the claim derives from Valero's alleged violation of California Financial Code section 13081.  In
2  particular, as the Court previously ruled, section 13081 applies only to transactions in which a
3  consumer enters a personal identification number (PIN) at the point of sale, and the Second
4  Amended Complaint concedes that Plaintiff did not enter a PIN.
5      This motion is based upon this Notice of Motion and Motion, the below Memorandum of
6  Points and Authorities, the Declaration of Adam Friedenberg (and attached exhibit) submitted
7  herewith, all exhibits, pleadings and papers on file in this action, and upon such other matters as
8  may be presented to the Court in reply or at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff contends that a street sign located at a Valero-branded gas station in Daly City owned by a non-party (the "Daly City station") is misleading. The Court granted Valero's motion to dismiss the First Amended Complaint on two grounds. First, the Court ruled that Plaintiff had "adequately to plead facts showing that Valero exercised sufficient control over the Daly City station to hold Valero liable." (Dkt. No. 60 at 10:26-11:1.) In her Second Amended Complaint, Plaintiff has made various new allegations of control by Valero of the Daly City station. Valero disputes these allegations, but this motion does not ask the Court to address the issue.

This motion addresses only Plaintiff's claim of unfair business practices based on the alleged violation of California Financial Code section 13081(b). In its Order granting Valero's motion to dismiss the First Amended Complaint, the Court ruled that section 13081 applies only to "personal identification number (PIN) transactions," but the First Amended Complaint did "does not include any information about whether Bautista entered a PIN number" but rather alleged that she entered only her zip code. (Dkt. No. 60 at 8:22-27.) Accordingly, the Court dismissed the claim subject to leave to amend so that Plaintiff could allege a PIN transaction, if in fact one occurred. (*Id*. at 8:27-9:1.)

In her Second Amended Complaint, Plaintiff again fails to allege that she "entered a PIN number." Rather, Plaintiff once again alleges that she entered only her zip code; she concedes a PIN transaction did not occur. (Dkt. No. 69 ¶ 54.) Unable to allege the precise fact the Court said would be required, Plaintiff instead reargues her legal contention that section 13081 *should* apply to zip-code transactions. This is not a new or adequate factual allegation, but rather an improper request for reconsideration of a legal point the Court already has adjudicated. As Plaintiff has once again failed to allege an actionable violation of California Financial Code section 13081, the Court again should dismiss the claim—this time with prejudice.

/ / /

/ / /

## II. RELEVANT BACKGROUND

In its Order granting Valero's motion to dismiss the First Amended Complaint, the Court ruled:

> [California Financial Code] Section 13081(c) provides, "the term point-of-sale device includes any device used for the purchase of a good or service where a personal identification number (PIN) is required." The FAC does not include any information about whether Bautista entered a PIN number. Instead, she states only that she entered her zip code. Accordingly, the motion to dismiss her UCL claim premised on a violation of section 13081(b) is granted with leave to amend.

(Dkt. No. 60 at 8:24-9:1.)

In her Second Amended Complaint, Plaintiff alleges that she "followed the instructions on the POS device to insert her debit card. The digital screen above the card reader labeled "Instructions" asked for a zip code and provided Plaintiff with no options, such as to enter a PIN."[1] (Dkt No. 69 ¶ 54.) Plaintiff thus concedes that she did not enter a PIN, as the Court ruled was required as a matter of law to bring the claim within the ambit of Section 13081. That ends the issue as a matter of law.

Undeterred by either the statutory text or this Court's prior ruling, Plaintiff alleges:

> The statute also applies to the POS devices at Valero-branded dealers. Section 13081(c) provides that the term "'point-of-sale device' *includes* any device used for the purchase of a good or service where a personal identification number (PIN) is Required[.]" Under the plain language of the statute, the term "includes" is a word of enlargement, not limitation. Therefore, the statute does not *exclude* from its definition a device that, solely due to the deceptive acts and practices alleged herein, does not ask for a PIN.

(Dkt. No. 69 ¶ 47 (original emphasis).)

Thus, Plaintiff again fails to allege that she "entered a PIN number," as the Court ruled was required. Instead, she has presented a disguised and improper motion for reconsideration, asking the Court to set aside its prior statutory construction, and instead adopt a construction at direct variance with the plain statutory text and legislative history.

///

---

[1] This is a factually erroneous allegation, though we recognize that for purposes of the instant motion the Court must accept the pleading as truthful.

## III. STANDARD OF REVIEW

As this Court ruled previously:

> Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a complaint, the court must accept all its material factual averments as true and construe them in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). When plaintiffs have failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (internal quotation marks omitted).

(Dkt. No. 60 at 3:1-12.)

The instant motion challenges only Plaintiff's UCL claim, to the extent it is premised on the alleged violation of California Financial Code section 13081 (but does not challenge the UCL claim to the extent it is derivative of Plaintiff's CLRA and FAL claims). "Under Rule 12(b)(6), a court may dismiss a clam that is grouped together with other claims in a single cause of action, without dismissing the entire cause of action." *Perez v. Banana Republic, LLC*, No. 14-CV-01132-JCS, 2014 WL 2918421, at *2 (N.D. Cal. June 26, 2014) (citing *Hill v. Opus Corp.,* 841 F.Supp.2d 1070, 1082 (C.D.Cal.2011)).

## IV. ARGUMENT

### A. Plaintiff Has Failed to Allege That She "Entered a PIN" and Her Claim Thus Fails As a Matter of Law, As the Court Previously Ruled.

The Court's Order granting Valero's motion to dismiss the First Amended Complaint could not have been clearer: "Section 13081(c) provides, 'the term point-of-sale device includes any device used for the purchase of a good or service where a personal identification number (PIN) is required.' The FAC does not include any information about whether Bautista entered a PIN number." (Dkt. No. 60 at 8:24-27.) The Court granted Plaintiff leave to amend to cure that omission, if in fact she completed a PIN transaction. (*Id*. at 8:27-9:1.) Plaintiff does not merely fail to cure this defect, but she affirmatively admits that she did not enter her PIN. (Dkt No. 69 ¶

54.) The claim thus fails as a matter of law and the Court again should dismiss it.

The crux of Plaintiff's amended claim is her assertion that "[u]nder the plain language of [section 13081], the term 'includes' is a word of enlargement, not limitation. Therefore, the statute does not *exclude* from its definition a device that, solely due to the deceptive acts and practices alleged herein, does not ask for a PIN." (Dkt. No. 69 ¶ 47(original emphasis).) This is not an allegation of fact, but an argument of law: that the Court should reconsider its ruling and reinterpret the statute to apply expansively to both PIN and non-PIN transactions. This is improper. If Plaintiff believed the Court's previous ruling was in error, her recourse was to seek reconsideration consistent with Local Rule 7-9. Having failed to do so, she may not seek to use an amended pleading as a vehicle for re-argument of an issue already adjudicated.

Plaintiff has failed to allege a PIN transaction, as the Court already ruled was required. Valero therefore respectfully submits the Court should grant the motion and dismiss Plaintiff's unfair competition law claim based on the alleged violation of California Financial Code section 13081.

**B.    Even Were The Court Inclined to Consider Plaintiff's Improper Request for Reconsideration, the Unambiguous Statutory Language Confirms Section 13081 Applies Only to PIN Transactions.**

Even had the Court not already ruled on this issue, dismissal is still warranted. Plaintiff's argument is that the statute should be construed to encompass non-PIN transactions because "'includes' is a word of enlargement." The plain language of the statute demonstrates that such a construction is incorrect.

It is a bedrock principle of statutory construction that courts must interpret statutes to give effect to all provisions and not render any language meaningless or superfluous. *Corley v. U.S.*, 556 U.S. 303, 314 (2009) ("one of the most basic interpretative canons [is] that 'a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void, or insignificant'" (citations omitted)); accord *Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 560 (9th Cir. 2016); *Riverside Cty Sherriff's Dept. v. Stiglitz*, 60 Cal. 4th 624, 630 (2014). Plaintiff's argument runs afoul of this requirement.

Section 13081 provides "the term point-of-sale device includes any device used for the purchase of a good or service where a personal identification number (PIN) is required." Of course, the universe of POS-device transactions comprises PIN transactions and non-PIN transactions. If the legislature intended to define "the term point-of-sale device" to include both PIN and non-PIN transactions, it need only have said "the term point-of-sale device includes any device used for the purchase of a good or service." There would have been no need to include the further language "where a personal identification number (PIN) is required."

If non-PIN based transactions are not excluded, as Plaintiff claims, then all POS transactions would fall within the scope of the statute. This would render to surplusage the language "where a personal identification number (PIN) is required." Thus to interpret section 13081 as applying to zip-code transactions would cause the language at issue to be superfluous and insignificant, in violation of the most basic principle of statutory construction. For this further and independent reason, the Court should dismiss the claim.

Such a construction is likewise contrary to the doctrine of *ejusdem generis*, which provides that "'if the Legislature intends a general word to be used in its unrestricted sense, it does not also offer as examples peculiar things or classes of things since those descriptions then would be surplusage.'" *People v. Giordano*, 42 Cal. 4th 644, 660 (2007) (quoting *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 141 (2000)). In section 13081, the Legislature uses the general word "point-of-sale device" but then uses very specific words to describe what that general term means: "the term "point-of-sale device" includes any device used for the purchase of a good or service where a personal identification number (PIN) is required." Cal. Fin. Code § 13081(c). Again, if the Legislature intended all POS transactions, regardless of whether a PIN was required, to fall within the scope of the statute, the Legislature would have defined "point-of-sale device" to include "any device used for the purchase of a good or service." But, the Legislature did not do so, and the words it chose to use – "where a personal identification number (PIN) is required" – must be given meaning. *See Giordano*, 42 Cal. 4th at 644.

Plaintiff argues that "includes" is a "word of enlargement, not limitation." That, however, is not an absolute rule of statutory construction. "While the word 'includes' may be

- 5 -
VALERO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

used to broaden a statute, it may be used as a word of limitation." *State Comp. Ins. Fund v. Workers' Comp. Appeals Bd.*, 69 Cal. App. 3d, 884, 890 (1977). The "term 'includes' may sometimes be taken as synonymous with 'means.'" *Helvering v. Morgan's Inc.*, 293 U.S. 121, 125 (1934); *see also Muller v. Auto. Club of So. Cal.*, 61 Cal. App. 4th 431, 445 (1998) (finding that the Legislature intended "includes" to be used as a word of limitation in statute stating "'Medical condition' includes any health impairment related to or associated with a diagnosis of cancer" thus health impairments unrelated to a cancer diagnosis were not covered by the statute), *disapproved on other grounds by Colemares v. Braemar Country Club, Inc.*, 29 Cal. 4th 1019 (2003). Whether "includes" is a word of enlargement or one of limitation, *i.e.* definitional, depends on the statutory context. *See id*. In this case, the statutory language itself shows that "includes" was intended as a word of limitation because, as explained above, an expansive reading like Plaintiff advocates causes the "where a personal identification number (PIN) is required" language to be meaningless.

Thus the applicable rules of construction preclude the statutory interpretation urged by Plaintiff. For this further reason, Valero submits the Court should grant this motion and dismiss the UCL claim based on Financial Code section 13081.

### C. The Legislative History Confirms The Legislature Intended Section 13081 to Apply Only To PIN Transactions.

As the statute is unambiguous and the rules of construction clearly support the Court's original ruling, the Court's analysis need go no further. It is nonetheless of note that the legislative history confirms that the Legislature intended the statute to apply only to PIN transactions. Throughout the legislative history, various committee reports state that "[s]pecifically the bill: . . . ***Defines*** a POS device as any device used for the purchase of goods or services where a personal identification number (PIN) is required." CA B. An., A.B. 1104 Sen., 7/03/1997 (emphasis added); CA B. An., A.B. 1104 Sen., 7/09/1997 (same); CA B.

/ / /

/ / /

/ / /

An., A.B. 1104 Sen. 9/02/1997 (same).[2]  The legislature's statement that the disputed language "defines" the term "point-of-sale device" shows that the legislature intended the words that follow "includes" in section 13081(c) to be an absolute definition rather than an illustrative phrase.

Thus the legislative history further confirms that the Court's previous statutory interpretation was correct.  For this further reason, the Court should reaffirm its ruling and again dismiss Plaintiff's claim.

**V.   CONCLUSION**

Plaintiff has had two opportunities to plead a cognizable claim.  She has failed each time, instead seeking to reargue legal points already decided.  The Court's construction of section 13081 was correct and is supported by both the plain language of the statute and the legislative history.  To make a claim based on violation of section 13081, Plaintiff had to allege that she completed a transaction in which she was required to enter her PIN, but once again she has made no such allegation.  Valero therefore respectfully submits the Court should dismiss the claim with prejudice.

Dated:  October 21, 2016

GLYNN & FINLEY, LLP
ADAM FRIEDENBERG
ROBERT C. PHELPS
LAUREN E. WOOD
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596

By     /s/ Adam Friedenberg
Attorneys for Defendant
Valero Marketing and Supply Company

---

[2] The cited portions of the legislative history for Financial Code 13081 are attached as Exhibit 1 to the accompanying Declaration of Adam Friedenberg. As documents in the public record the legislative history is subject to judicial notice and properly considered on a motion to dismiss.  See Fed. R. Evid. 201; *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, n.2 (N.D. Cal. 2016) (taking judicial notice of legislative history of a California statute when ruling on a motion to dismiss); *Palmer v. Stassinos*, 346 F. Supp. 2d 1070, 1077 (N.D. Cal. 2004) (same).