UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH BAUTISTA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VALERO MARKETING AND SUPPLY COMPANY,<br><br>　　　　Defendant. | Case No. 15-cv-05557-RS<br><br>**ORDER GRANTING VALERO'S MOTION TO DISMISS** |

## I. INTRODUCTION

Defendant Valero Marketing and Supply Company ("Valero") moves to dismiss one claim in plaintiff Faith Bautista's Second Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 8, 2016, is vacated. For the reasons that follow, Valero's motion is granted.

## II. DISCUSSION

Valero operates a network of gas station franchises. These stations use "split pricing" to communicate the cost of gas; customers paying cash are charged one price, while customers paying by credit card are charged a higher price. Since July 2011, Bautista has purchased gas from a Valero station in Daly City, California. Bautista pays for gas with a debit card, and alleges Valero deceived her by charging the credit card price to debit card purchases, without indicating the credit card price applied to such purchases. As a result, she filed this putative class action.

Bautista's First Amended Complaint brought claims under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, False Advertising Law ("FAL"), Cal. Bus. & Prof.

Code § 17500, *et seq.*, and Unfair Competition Law ("UCL"), § 17200, *et seq.*[1] The UCL claim was predicated on Valero's alleged CLRA and FAL violations, as well as an alleged violation of California Financial Code section 13081(b). Valero moved to dismiss all three claims, arguing Bautista failed to plead sufficient facts showing Valero had control over the allegedly unlawful pricing practice. Valero also argued section 13081(b) only applied to transactions requiring entry of a personal identification number ("PIN"), while Bautista only claimed to have entered her ZIP code when purchasing gas at Valero. Valero's motion was granted for both reasons,[2] and Bautista was given leave to amend her complaint.

Bautista filed a Second Amended Complaint, reasserting the same three claims, and Valero filed this motion to dismiss. Valero's motion challenges only Bautista's UCL claim, and only to the extent it relies on an alleged section 13081(b) violation. Valero's motion rests on Bautista's continuing failure to allege that any debit card purchases at Valero required PIN entry.[3] Indeed, the Second Amended Complaint admits Bautista never entered a PIN in connection with a debit card purchase at Valero, but instead raises the new legal argument that section 13081(b) is not limited to debit card transactions requiring PIN entry. This argument should have been raised in response to Valero's first motion to dismiss, but it was not. Bautista's response to Valero's first motion was altogether silent on the reach of section 13081(b). Through this silence, Bautista

---

[1] The First Amended Complaint also brought a claim for accounting. Bautista abandoned the claim in response to Valero's motion to dismiss that complaint.

[2] The order granting Valero's motion did not conclusively hold that Bautista's CLRA claim required a showing Valero had control over the allegedly unlawful pricing practice. Instead, the order put off resolution of the issue because it would become moot if an amended complaint sufficiently alleged such control ― an allegation unquestionably necessary to sustain Bautista's FAL and UCL claims. Valero does not dispute that the Second Amended Complaint sufficiently alleges such control. As such, the issue is now moot and need not be resolved.

[3] Bizarrely, Bautista argues "Valero's . . . devices do require a PIN for debit card authentication and . . . Valero unilaterally elects to also process debit card payments with non-PIN technology in a futile attempt to circumvent the statute's . . . requirements." P.'s Mem. in Opp'n at 7. This argument does not succeed. Either Valero *requires* PIN entry or it does not. The Second Amended Complaint makes clear Bautista made debit card purchases *without* PIN entry. Thus, her purchases did not *require* PIN entry, and do not fall within the purview of section 13081(b) if it applies only where a transaction *requires* PIN entry.

waived the right subsequently to argue section 13081(b) applies to transactions not requiring PIN entry.[4] *See Farnham v. Windle*, 918 F.2d 47, 51 (7th Cir. 1990) ("But [plaintiff] did not take advantage of his opportunity to brief these additional theories to the district court in his memorandum in opposition to [defendant's] motion to dismiss, and his failure to do so results in waiver."). Thus, Bautista's Second Amended Complaint is deficient in the same manner as her first: It fails to allege any of her debit card purchases at Valero required PIN entry. Valero's motion is therefore granted.

### III.  CONCLUSION

Valero's motion to dismiss is granted, and to the extent Bautista's UCL claim is predicated upon Valero's alleged section 13081(b) violation, it is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: November 18, 2016

_____
RICHARD SEEBORG
United States District Judge

---

[4] In rare circumstances, it is appropriate for a litigant to seek leave to file a motion for reconsideration of a prior order in order to raise a new legal argument. *See* Civ. Local R. 7-9. Leave to file a motion for reconsideration of the prior order would not be appropriate in this instance, because the party seeking leave "must specifically show reasonable diligence in bringing the motion" for leave. Civ. Local R. 7-9(b). Bautista cannot make such a showing. She inexplicably failed to raise any argument about the reach of section 13081(b) in her response to Valero's first motion to dismiss, which was granted on July 21, 2016. Raising a new legal argument in the Second Amended Complaint, filed two months later on September 23, 2016, does not constitute "reasonable diligence," nor would now filing a motion for leave to file a motion for reconsideration.