ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON (*pro hac vice*)
CHRISTOPHER C. GOLD (*pro hac vice*)
JASON H. ALPERSTEIN (*pro hac vice*)
ERIC S. DWOSKIN (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
jalperstein@rgrdlaw.com
edwoskin@rgrdlaw.com

HOBSON, BERNARDINO + DAVIS LLP
RAFAEL BERNARDINO, JR. (118690)
JASON A. HOBSON (184134)
725 South Figueroa Street, Suite 3230
Los Angeles, CA  90017
Telephone:  213/235-9190
213/235-9190 (fax)
rbernardino@hbdlegal.com
jhobson@hbdlegal.com

Attorneys for Plaintiff and the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FAITH BAUTISTA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>VALERO MARKETING AND SUPPLY COMPANY,<br><br>　　　　　　　　Defendant. | Case No. 3:15-cv-05557-RS<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S DECERTIFICATION AND SUMMARY JUDGMENT ORDERS**<br><br>Judge: Hon. Richard Seeborg |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..........................................................................................................................1

II. LEGAL STANDARD....................................................................................................................1

III. ARGUMENT .................................................................................................................................1

    A. In Decertifying the Rule 23(b)(3) Class on Predominance and Superiority Grounds, This Court Failed to Consider Material Facts and Dispositive Legal Arguments................................................................................................................1

        1. This Court Failed to Consider the Argument that the Predominance Inquiry Must Consider the Elements of Plaintiff's Causes of Action....................................................................................................................2

        2. This Court Failed to Consider the Argument that Plaintiff Would Present Unrefuted Evidence of the Relevant Damages Periods at Trial When It Concluded that Difficulties in Calculating Damages Defeat Predominance ...............................................................................................4

        3. This Court Failed to Consider Material Facts and Arguments that Mitigate Manageability or Ascertainability Concerns...............................5

    B. In Denying Certification of a Rule 23(b)(2) Class for Lack of Standing to Seek Injunctive Relief, This Court Failed to Consider Plaintiff's Argument that Certification of a Declaratory Relief Class Is Appropriate...............................6

    C. In Finding that Plaintiff Lacked Standing to Seek Injunctive Relief, This Court Failed to Consider Material Facts and Dispositive Legal Arguments...........7

    D. Plaintiff Exercised Reasonable Diligence in Bringing This Motion .......................8

IV. CONCLUSION...............................................................................................................................8

## I. INTRODUCTION

On December 4, 2018, this Court issued an Order decertifying the previously certified Rule 23(b)(3) Class of all persons in California who purchased gasoline from a Valero Marketing and Supply Company ("Valero")-branded station in California that failed to disclose the higher price that applies to debit card payments. In doing so, the Court failed to consider material facts and dispositive legal arguments supporting Rule 23(b)(3) requirements, including superiority and predominance. This Court also denied certification of an alternative 23(b)(2) class and determined that Plaintiff Faith Bautista ("Bautista" or "Plaintiff") does not have standing to seek injunctive relief, but in doing so, the Court overlooked the fact that it could properly certify a declaratory relief class under Rule 23(b)(2), and it failed to consider material facts supporting Plaintiff's standing. Accordingly, Plaintiff respectfully seeks leave to file a motion for reconsideration of the Court's December 4, 2018 Order Granting Motion to Decertify Class, ECF No. 248 ("Decert. Order"), and Order on Cross Motions for Summary Judgment, ECF No. 249 ("SJ Order").

## II. LEGAL STANDARD

This motion for leave to file a motion for reconsideration is brought under Civil Local Rule 7-9(b)(3), which requires the moving party to show, "reasonable diligence in bringing the motion" and "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

## III. ARGUMENT

### A. In Decertifying the Rule 23(b)(3) Class on Predominance and Superiority Grounds, This Court Failed to Consider Material Facts and Dispositive Legal Arguments

In decertifying the Rule 23(b)(3) Class, this Court concluded that a "station-by-station analysis" to determine "when each of the 192 stations displayed the allegedly deceptive signage" at issue is sufficient to defeat predominance. Decert. Order at 10. The Court further concluded that such an analysis raised manageability and ascertainability issues that defeat superiority. *Id* at 11. In doing so, however, the Court failed to consider material facts and dispositive legal arguments that were presented, which warrants leave to file a motion for reconsideration.

### 1. This Court Failed to Consider the Argument that the Predominance Inquiry Must Consider the Elements of Plaintiff's Causes of Action

In concluding that a "station-by-station analysis" to determine "when each of the 192 stations displayed the allegedly deceptive signage" would defeat predominance, this Court failed to consider Plaintiff's argument that: (a) "[t]he predominance inquiry begins with the elements of the underlying causes of action[,]" ECF No. 220 ("P's Decert. Opp.") at 5 (quoting *In re Lenovo Adware Litig.*, No. 15-md-02624-RMW, 2016 WL 6277245, at *17 (N.D. Cal. Oct. 27, 2016)); (b) that the dates on which each station at issue displayed Valero's deceptive signage do not relate to any of the elements that Plaintiff must prove to prevail (and not to the elements of Plaintiff's aiding and abetting claim, in particular), *id.* at 6; and (c) that common questions will predominate, "even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members[,]" *id.* at 5 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, __ U.S. __, 136 S. Ct. 1036, 1045 (2016)).

This case is fundamentally about an unlawful omission of the applicable debit price, which exists ***irrespective of the signage*** installed at any particular third-party station because there is no dispute that Valero's ***uniform business practice*** is to omit the applicable debit price from ***all*** of its signage or marketing materials. *See* Oct. 25, 2018 Hearing Transcript[1] ("Hrg. Tr.") at 44:12-14 ("[I]t doesn't matter what the sign looks like unless there's evidence that they disclose the debit price."); ECF No. 243 ("P's Supp. Br.") at 1 n.2 ("Since so-called 'debit/credit' signage is indisputably not part of Valero's standard signage offerings, and since Valero stations are strictly prohibited from modifying their own signage, in practice, 'debit/credit' signage is the exception rather than the rule.") (emphasis omitted). Indeed, as this Court noted in its earlier Order, "Valero [does not] refute Bautista's claim that Valero's Wholesale Branding Manual failed to include signs with a less ambiguous (according to Bautista) credit/debit pricing option." *Bautista v. Valero Mktg. & Supply Co.*, 322 F.R.D. 509, 516-17 (N.D. Cal. 2017).

---

[1] Attached as Exhibit A to the Declaration of Christopher C. Gold ("Gold Decl."), filed herewith.

This Court also previously recognized that "the heart of Bautista's claim is that Valero produced marketing materials that it knew would be used in conjunction with split-pricing at branded stations, and these signs were misleading as to the price treatment of debit cards. . . . Therefore, Bautista has a sufficient basis upon which to allege that Valero subjected class members to a common unlawful practice." *Id*. Indeed, Plaintiff can prevail on her claims by proving that Valero directly violated California's consumer protection laws – ***or that it aided and abetted such violations*** – the moment it offered its uniformly misleading and unfair marketing materials into the marketplace – even if no Class member was, in fact, deceived or, in fact, suffered damages as a result. *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 537 (N.D. Cal. 2012) (Relief under the UCL, FAL, and CLRA "is available without individualized proof of deception, reliance, and injury.").

Thus, the question of when a ***small minority***[2] of third-party Valero station that, on their own initiative, took steps to correct Valero's material omission, does not relate to any of the elements that Plaintiff must prove in order to establish Valero's direct liability under California's consumer protection laws, and it is even less relevant to proving Valero's liability for aiding and abetting violations of those laws. Therefore, this peripheral issue cannot predominate over the central common question in this case: whether Valero produced marketing materials that were likely to deceive the public. This issue, at best, goes to the questions of ascertainability or damages, both of which, as this Court earlier concluded, do not defeat predominance. *Bautista*, 322 F.R.D. at 516; *see also Tyson*, 136 S. Ct. at 1045; *Briseno v. ConAgra Foods, Inc*., 844 F.3d 1121, 1133 (9th Cir.), *cert. denied*, 138 S. Ct. 313 (2017).

Because the Court overlooked these legal arguments related to the predominance inquiry, Plaintiff respectfully requests leave to file a motion for reconsideration.

---

[2] *See* Hrg. Tr. at 44:14-15 ("[T]here are only 33 stations of the whole 192 that [ever] disclose[d] the debit price.").

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S
DECERTIFICATION AND SUMMARY JUDGMENT ORDERS - 3:15-cv-05557-RS                - 3 -

### 2. This Court Failed to Consider the Argument that Plaintiff Would Present Unrefuted Evidence of the Relevant Damages Periods at Trial When It Concluded that Difficulties in Calculating Damages Defeat Predominance

Although this Court acknowledged that "challenges based on the difficulty of calculating damages do not ordinarily defeat class certification[,]" the Court found that Valero's "concerns about the difficulty of determining a method by which to identify stations and time periods of consequence in this case[]" added "to the conclusion that individual issues predominate over common questions." Decert. Order at 11. In arriving at that conclusion, the Court failed to consider the argument that Valero's disputes relate to unintentional errors in the preliminary station list that was prepared for Class notice, which did not represent the final list of relevant stations that would be presented at trial, Hrg. Tr. at 34:12-16; P's Decert. Opp. at 15-16; P's Supp. Br. at 5 n.6, and that Plaintiff has "the capability to create certain end dates" for the damages period at each station, which would not be subject to any dispute, *see* Hrg. Tr. at 43:23-24; P's Supp. Br. at 1 n.2.

Indeed, Valero's assertion that it would dispute Plaintiff's evidence of the stations at issue with "contradictory photos from other mapping services," Decert. Order at 10, is based on a single photo that it found of the "Hari's Market" Valero station using Microsoft's Bing Maps, ECF No. 177, ¶17. But as Plaintiff stated during the hearing on Valero's motion, Hari's Market was one of the stations that was erroneously included in the preliminary station list and, thus, would be removed entirely from the case prior to trial. Hrg. Tr. at 44:20-22 ("[W]e did further investigation. These four they identified, we're actually going to remove those because the evidence doesn't support it."). Thus, Valero presented absolutely zero evidence that any contradictory Bing Maps photos exist with respect to any of the stations that are actually at issue.

Valero's remaining disputes relate to: (a) the time period that predates the available sales data (because the sales data that exists cannot show debit card overcharges during that period); and (b) the dates on which a small minority of stations departed from Valero's business practice and changed their signage to correct Valero's material omission of the debit price. Both of those concerns can be eliminated *entirely* by: (a) beginning the damage calculation for all stations in January 2014, when Valero's station data proves that *each station*, in fact, charged the credit price

1  on debit cards; and (b) not calculating damages from any station that ***ever disclosed*** the debit price,

2  such that Valero's business practice of not disclosing the debit price can be presented as common,

3  Class-wide evidence that the remaining stations at issue did not disclose the debit price.  *See* P's

4  Supp. Br. at 1 n.1; Hrg. Tr. at 45:4-9.  With these minor adjustments, Valero simply cannot dispute

5  that the stations at issue both charged debit cards the credit price and, consistent with Valero's

6  business practice, failed to disclose the applicable debit price.  Thus, calculating damages will be a

7  matter of simple arithmetic without the need to even resort to any photos of signage from Google

8  maps.

9       Because the Court failed to consider these facts and arguments, Plaintiff respectfully requests

10 leave to file a motion for reconsideration.

11          **3.**      **This Court Failed to Consider Material Facts and Arguments**
                **that Mitigate Manageability or Ascertainability Concerns**

12

13      In concluding that a "class action is not the superior method of determining Valero's liability

14 to its customers[]" due to manageability and ascertainability problems, Decert. Order at 12, the Court

15 failed to consider the "well-settled presumption that courts should not refuse to certify a class merely

16 on the basis of manageability concerns[,]" P's Decert. Opp. at 23 (quoting *Briseno*, 844 F.3d at

17 1128), and that difficulties in ascertaining class members is "not ordinarily a bar to class

18 certification," *id.* (quoting *Bautista*, 322 F.R.D. at 516) (emphasis omitted).  This Court also

19 overlooked that there are no ascertainability or manageability concerns that would defeat superiority

20 here, especially when "[t]here are a number of management tools available to a district court to

21 address any individualized damages issues that might arise in a class action[.]"  *In re Visa*

22 *Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 141 (2d Cir. 2001) ("(1) bifurcating liability and

23 damage trials with the same or different juries; (2) appointing a magistrate judge or special master to

24 preside over individual damages proceedings; (3) decertifying the class after the liability trial and

25 providing notice to class members concerning how they may proceed to prove damages; (4) creating

26 subclasses; or (5) altering or amending the class.") (Sotomayor, J.) (citing 8 Julian O. von

27 Kalinowski et al., *Antitrust Laws and Trade Regulations* §166.03[3][b][iv] (2d ed. 1997)

28 ("Generally, though, class action status will be denied on the ground of unmanageability only when

it is found that efficient management is *nearly impossible*; some courts have stated that there is a presumption against refusing to certify a class on manageability grounds.") (emphasis in original) (cited by *Briseno*, 844 F.3d at 1128)).

As noted above, the Class is defined with objective criteria in such a way to include only those consumers who were exposed to Valero's uniform and ubiquitous material omission of the price applicable to a debit card purchase of gasoline, and being that Plaintiff can entirely eliminate from the analysis the few outlier stations that corrected Valero's omission, and rely on evidence of Valero's uniform business practice of omitting the debit price, Plaintiff can prove the total amount of damages caused by Valero's conduct even without relying on Google Maps.

Moreover, in concluding that a "class action is not the superior method of determining Valero's liability to its customers[,]" Decert. Order at 12, this Court failed to consider the argument that "the superiority inquiry 'necessarily involves a comparative evaluation of alternative mechanisms of dispute resolution[,]'" P's Decert. Opp. at 23 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998)), and that a class action is the only realistic method to adjudicate Valero's violations of law, *id.* at 24 (citing *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004)).

Because the Court failed to consider these legal arguments, Plaintiff respectfully requests leave to file a motion for reconsideration.

**B.    In Denying Certification of a Rule 23(b)(2) Class for Lack of Standing to Seek Injunctive Relief, This Court Failed to Consider Plaintiff's Argument that Certification of a Declaratory Relief Class Is Appropriate**

If the Court were to decertify the Rule 23(b)(3) Class, Plaintiff requested alternative certification under Rule 23(b)(2) in order to seek *both* declaratory *and* injunctive relief. P's Supp. Br. at 2-3, 9-10, 13. This Court held that, while Valero did not oppose Rule 23(b)(2) certification, Plaintiff satisfied the requirements of both Rule 23(a) and (b)(2). Decert. Order at 12-13 & n.10. Therefore, (b)(2) certification of a declaratory relief class was and is proper. Nevertheless, because this Court ultimately concluded that Plaintiff lacked standing to seek *injunctive* relief to prevent *future* harm, the Court denied (b)(2) certification. *Id.* at 13-15. In doing so, the Court failed to

consider Plaintiff's argument that certification of a ***declaratory*** relief class under Rule 23(b)(2) is appropriate with respect to Valero's ***past*** unlawful conduct.  Because the Court failed to consider this legal argument, Plaintiff respectfully requests leave to file a motion for reconsideration of the Court's denial of Class certification under Rule 23(b)(2).

### C. In Finding that Plaintiff Lacked Standing to Seek Injunctive Relief, This Court Failed to Consider Material Facts and Dispositive Legal Arguments

In concluding that Plaintiff does not have standing to seek injunctive relief because her "testimony does not indicate any interest in returning to Valero gas stations," her testimony "shows that Bautista is disinclined to shop there[,]" and she "explicitly stated that she does not shop at Valero anymore and that her negative experience with Valero's debit card pricing made her less likely to patronize these stations[,]" Decert. Order at 14; SJ Order at 8, the Court failed to consider the fact that Plaintiff, in fact, ***has*** returned to Valero stations since this lawsuit was filed.  This Court also failed to consider that certain Valero stations now do, in fact, charge the cash price on debit cards, so Plaintiff is unable to rely on a stations' signage to determine which price will apply to her debit card.  *See* ECF No. 174 at 3 ("[S]tations offering split-pricing are free (legally and in practice) to offer a reduced 'price per gallon' not only for cash and the Valero Card, but also for debit cards."); *see also Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 961 (9th Cir. 2018), *cert. denied*, No. 18-304, 2018 WL 4350853 (Sup. Ct. Dec. 10, 2018) ("A consumer's inability to rely on a representation made on a package, even if the consumer knows or believes the same representation was false in the past, is an ongoing injury that may justify an order barring the false advertising.").

Indeed, as Valero argued in its opposition to Plaintiff's motion for partial summary judgment, "Bautista 'failed to mitigate, reduce or otherwise avoid her alleged costs and damages[]'" because "Bautista admitted during deposition that, after she learned of the split-pricing structure, she asked her assistant to fill her gas tank up and gave her a debit card to pay – knowing that her assistant usually went to Valero-branded stations to get her gas." ECF No. 224 at 23.  In fact, Valero omitted certain pages from Plaintiff's deposition testimony showing that Plaintiff also personally returned to a Valero station in January 2016.  Deposition of Faith Bautista ("Bautista Dep.") at 100:7-23, Gold Decl., Exhibit B.  Thus, Plaintiff's testimony that she is less likely to return to a Valero station

1 notwithstanding, she has, in fact, returned to Valero stations after this lawsuit was filed, both
2 personally, and through her assistant, which Valero attributes to her.  Therefore, there is no need to
3 draw inferences from Plaintiff's testimony in Valero's favor in order to determine whether or not she
4 would return to a Valero station when the evidence proves that she would, and has, and that she
5 continues to purchase gas based on the lowest price irrespective of brand because "to [her], gas is
6 gas." Bautista Dep. at 61:15-17.  And because Valero argued that "stations offering split-pricing are
7 free (legally and in practice) to offer a reduced 'price per gallon' not only for cash and the Valero
8 Card, but also for debit cards[,]" ECF No. 174 at 3, Plaintiff is unable to rely on the signage at a
9 Valero station to determine whether the station charges the cash or credit price on a debit card, and
10 thus, whether it offers the cheapest gas in the area.

11 Because this Court failed to consider these material facts in the record in this case, Plaintiff
12 respectfully requests leave to file a motion for reconsideration of the Court's finding that Plaintiff
13 lacks standing to seek injunctive relief.

14 **D.    Plaintiff Exercised Reasonable Diligence in Bringing This Motion**

15 Plaintiff was reasonably diligent in bringing this motion within __ business days after entry
16 of the Court's Orders.

17 **IV.    CONCLUSION**

18 For these reasons, Plaintiff respectfully requests leave to file a motion for reconsideration of
19 this Court's Orders.

20 DATED:  December 17, 2018                ROBBINS GELLER RUDMAN
                                              & DOWD LLP
21                                          STUART A. DAVIDSON (*pro hac vice*)
                                            CHRISTOPHER C. GOLD (*pro hac vice*)
22                                          JASON H. ALPERSTEIN (*pro hac vice*)
                                            ERIC S. DWOSKIN (*pro hac vice*)
23

24

25                                                  *s/ Christopher C. Gold*
                                                 CHRISTOPHER C. GOLD
26
                                            120 East Palmetto Park Road, Suite 500
27                                          Boca Raton, FL  33432
                                            Telephone:  561/750-3000
28                                          561/750-3364 (fax)

PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S
DECERTIFICATION AND SUMMARY JUDGMENT ORDERS - 3:15-cv-05557-RS                    - 8 -

|   |   |
|---|---|
| 1 |  |
| 2 | ROBBINS GELLER RUDMAN    & DOWD LLP |
| 3 | ROBERT R. HENSSLER JR. MATHEW BALOTTA |
| 4 | PATRICK W. DANIELS 655 WEST BROADWAY, SUITE 1900 |
| 5 | SAN DIEGO, CA  92101 TELEPHONE:  619/231-1058 |
| 6 | 619/231-7423 (FAX) |
| 7 | ROBBINS GELLER RUDMAN |
| 8 |   & DOWD LLP ROXANA PIERCE (*pro hac vice*) |
| 9 | 1701 K Street NW, Suite 350 Washington, DC  20036 |
| 10 | Telephone:  202/822-6762 202/828-8528 (fax) |
| 11 |  |
| 12 | HOBSON, BERNARDINO + DAVIS LLP RAFAEL BERNARDINO, JR. |
| 13 | JASON A. HOBSON 725 South Figueroa Street, Suite 3230 |
| 14 | Los Angeles, CA  90017 Telephone:  213/235-9190 |
| 15 | 213/235-9190 (fax) |
| 16 | *Attorneys for Plaintiff and the Class* |
| 17 |  |
| 18 |  |
| 19 |  |
| 20 |  |
| 21 |  |
| 22 |  |
| 23 |  |
| 24 |  |
| 25 |  |
| 26 |  |
| 27 |  |
| 28 |  |

## CERTIFICATE OF SERVICE

I hereby certify that December 17, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 17, 2018.

       *s/ Christopher C. Gold*
       CHRISTOPHER C. GOLD

       ROBBINS GELLER RUDMAN
         & DOWD LLP
       120 East Palmetto Park Road, Suite 500
       Boca Raton, FL  33432
       Telephone:  561/750-3000
       561/750-3364 (fax)
       cgold@rgrdlaw.com