United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FAITH BAUTISTA,

          Plaintiff,

     v.

VALERO MARKETING AND SUPPLY
COMPANY,

          Defendant.

Case No. 15-cv-05557-RS

**ORDER DENYING MOTION FOR
RECONSIDERATION**

## I. INTRODUCTION

On December 17, 2018, Plaintiff Faith Bautista requested leave to file a motion for reconsideration of the Order Granting Motion to Decertify Class issued earlier that same month. The request to file a motion for reconsideration was granted and Defendant Valero Marketing and Supply Company ("Valero") was ordered to submit responsive briefing. Bautista was given an opportunity to reply and the matter was taken under submission without oral argument. For the reasons explained below, the motion for reconsideration is denied.

## II. BACKGROUND

The relevant background of this case is set out in the Order Granting Motion to Decertify Class, issued on December 4, 2018, and need not be revisited here. Bautista now seeks reconsideration[1] of the decision (1) to decertify the Rule 23(b)(3) class and (2) to deny certification of a Rule 23(b)(2) class for lack of standing.

---

[1] Bautista seeks reconsideration under Civil Local Rule 7-9(b)(3).

United States District Court<br>Northern District of California

## III. DISCUSSION

### A.  Decertification of the Rule 23(b)(3) Class

Bautista does not present any facts or arguments regarding the Rule 23(b)(3) class that have not already been considered. Accordingly, her request for reconsideration of the decertification of that class is denied.

### B.  Denial of Certification of a Rule 23(b)(2) Class

Bautista also argues the Court failed to consider certain material facts in concluding that she lacked standing to seek injunctive relief.[2] The primary basis for concluding Bautista did not have standing to seek injunctive relief was that she had not demonstrated a likelihood of future harm. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). As explained in the order decertifying the class, "Bautista's testimony does not indicate any interest in returning to Valero gas stations, and in fact shows that Bautista is disinclined to shop there. Bautista explicitly stated that she does not shop at Valero anymore and that her negative experience with Valero's debit card pricing made her less likely to patronize these stations." Order Decert. 14. Bautista's strongest argument in support of her present motion for reconsideration is that, despite her testimony, Bautista *has* returned to shop at Valero since the commencement of this action and is therefore likely to return in the future. Bautista Dep. At 100:7-23 (Gold Decl., Ex. B).

At her deposition, Bautista was questioned by Valero about bank records showing that she purchased gasoline from Valero after her complaint was filed. *Id.* at 99:20-100:15. She responded in the affirmative when asked if she made this purchase but stated that she did not know why she had returned to a Valero station after the start of the lawsuit. *Id.* at 100:11-23. Earlier in her deposition, however, Bautista testified unequivocally that she had not returned to a Valero station since the start of the lawsuit, but that her assistant had purchased gas there using Bautista's debit

---

[2] Bautista's argument that the Court failed to consider whether she had standing to seek *declaratory* relief is unavailing. For both "injunctive and declaratory relief, a plaintiff must show that he has suffered . . . a concrete and particularized legal harm, coupled with a sufficient likelihood that [she] will again be wronged in a similar way." *Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002). Therefore, once it was determined that Bautista did not have standing to seek injunctive relief, there was no need to analyze separately her standing to seek declaratory relief.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

card. *Id.* at 58:11-59:6. She later clarified that her assistant had purchased gas for her on multiple occasions. *Id.* at 144:24-145:5.

The most plausible interpretation of Bautista's seemingly contradictory testimony is that she never personally returned to a Valero station, but her assistant purchased gas there on her behalf. Even if Bautista did return to a Valero station once in January 2016, this appears to have been an aberration from her general disinclination to shop at these stations. Indeed, she stated that she did not know why she had returned. This testimony both casts doubt on the conclusion that she was personally responsible for this purchase and suggests that, even if she did return, this was atypical behavior that is unlikely to be repeated. Bautista ultimately fails to rebut her own testimony that she no longer shops at Valero stations and that her negative perception of the company influenced this decision. Accordingly, the motion for reconsideration is denied.[3]

### IV. CONCLUSION

For the reasons discussed above, the motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: February 6, 2019

_____
RICHARD SEEBORG
United States District Judge

---

[3] Although Bautista seeks reconsideration under Civil Local Rule 7-9(b)(3), she did not present the arguments and facts discussed in this section in her prior briefing on the question of standing. For this reason, as well, her motion for reconsideration is denied.

CASE NO. 15-cv-05557-RS