UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FAITH BAUTISTA, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>VALERO MARKETING AND SUPPLY COMPANY,<br><br>　　　　　　Defendant. | Case No. 3:15-cv-05557-RS<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter is before the Court pursuant to the Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement ("Notice Order") dated November 5, 2020, on the application of the Parties for final approval of the Settlement set forth in the Class Action Settlement Agreement and Release dated September 30, 2020 ("Settlement Agreement"). Due and adequate notice having been given to the Settlement Class as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies for purposes of settlement only a Settlement Class defined as: "All persons who, between December 3, 2011 and the date of preliminary approval, purchased gasoline using a debit card at a Valero-branded station in California that advertised a 'cash' price and 'credit' price on Relevant Valero-Branded Signage but the Relevant Valero-Branded Signage did not affirmatively disclose how gasoline purchased with a debit card was priced, and were charged more money per gallon than the advertised 'cash' price."

4. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendant, the Action and all Plaintiff's Released Claims with prejudice,

without costs as to any of the Released Parties, except as and to the extent provided in the Settlement Agreement and herein.

6. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Plaintiff and each of the Settlement Class members who have not timely opted out of the Settlement Class shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Valero and its parents, subsidiaries, affiliates, and all of their respective officers and employees and Valero Counsel from all Plaintiff's Released Claims (including, but not limited to, Unknown Claims (as defined in the Settlement Agreement)).

7. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Valero and its subsidiaries, affiliates, and all of their respective officers and employees shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Settlement Class members, and Class Counsel from all claims (including, but not limited to, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action, including any defenses or compulsory counterclaims Valero has or may have to the claims in the Second Amended Complaint, and Defendant's Released Claims.

8. The Notice given to the Settlement Class in accordance with the Notice Order was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.

9. Any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is

or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties may file the Settlement Agreement and/or this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement; (b) hearing and determining applications for attorneys' fees and expenses in the Action; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

12. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

13. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

14. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

15. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

**IT IS SO ORDERED.**

DATED: March 17, 2021

_____
HONORABLE RICHARD SEEBORG
CHIEF UNITED STATES DISTRICT JUDGE