UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FAITH BAUTISTA, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>VALERO MARKETING AND SUPPLY COMPANY,<br><br>  Defendant. | Case No. 3:15-cv-05557-RS<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD TO PLAINTIFF AS MODIFIED BY THE COURT |

1   This matter having come before the Court on March 17, 2021, on Class Counsel's motion for an award of attorneys' fees and expenses and service award to the Plaintiff (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this litigation to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Class Action Settlement Agreement and Release ("Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

3. The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $1,650,000. The Court finds that the amount of fees and expenses awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "lodestar" method.

5. The awarded attorneys' fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement and in particular, ¶¶4.7-4.8 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

   (a) The Settlement achieves meaningful non-monetary relief for the Settlement Class;

   (b) The notice plan was robust and notified potential Settlement Class members that Class Counsel would move for an award of attorneys' fees and expenses in the amount of $1,650,000, and no objections to the fees or expenses were filed by Settlement Class members;

    (c) Class Counsel have pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy over the course of a four-year period;

    (d) Class Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

    (e) Class Counsel pursued the Action on a contingent basis, having received no compensation during the litigation, and any fee amount has been contingent on the result achieved;

    (f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

    (g) had Class Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered nothing from Defendants;

    (h) Class Counsel devoted 10,452.93 hours, with a lodestar value of $7,479,412.20, to achieve the Settlement;

    (i) public policy concerns favor the award of reasonable attorneys' fees and expenses in class action litigation; and

    (j) the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

  7. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

  8. The Court awards $2,000 to Plaintiff Faith Bautista for the time she spent directly related to her representation of the Settlement Class.

  9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this Order

shall be rendered null and void to the extent provided in the Settlement Agreement and shall be vacated in accordance with the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: March 17, 2021

_____
HONORABLE RICHARD SEEBORG
CHIEF UNITED STATES DISTRICT JUDGE